**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD ABDULLAH MUHAMMAD, <br><br> Plaintiff, <br><br> v. <br><br> DR. CRAIG GOLDSTEIN, *et al.*, <br><br> Defendants. | Civil Action No. 21-16537 (SDW) (JSA) <br><br> **WHEREAS OPINION** <br><br> September 16, 2021 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Donald Abdullah Muhammad's ("Plaintiff") filing of a Complaint, (D.E. 1), and an Application to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 1-1), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** applications to proceed *in forma pauperis* are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action. Plaintiff's application states that he has "$0.00" in monthly income and "$0.00" in monthly expenses. (D.E. 1-1 at 2, 5.) There appears to be a mistake as Plaintiff lists food stamps, Medicaid income, and medical transport as expenses. (*Id.* at 4–5.) Nonetheless, because Plaintiff's income appears to be insignificant, this Court will grant his application to proceed *in forma pauperis*; and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees and the petition is granted, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quotation and citation omitted); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017).  Under Fed. R. Civ. P. 8(a)(2), an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

**WHEREAS** Plaintiff's Complaint alleges that Defendants Davita (a medical facility in North Bergen, New Jersey), Dr. Craig Goldstein (a physician at Davita), Rebecca (a clinical social worker at Davita) and Smith (an operations manager at Davita) (collectively, "Defendants") violated the Hippocratic Oath and his "right to adequate medical care as guaranteed by the United States Constitution, 14th Amendment Substa[n]tive Due Process Clause."  (Compl. at 12 (some capitalization omitted); *see* Compl. at 6–7, 11.)[1]  Plaintiff also claims that he was discriminated against because of his Islamic faith.  (*Id.* at 8.)  However, Plaintiff's primary factual allegations are that Defendants asked him not to return for dialysis treatment after overhearing him have a conversation with his friend regarding the procurement of a weapon.  (*See id.* at 7–8); and

**WHEREAS** Plaintiff brings this action under 42 U.S.C. § 1983.  (*See id.* at 6.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Crucially, § 1983 and the Fourteenth Amendment only apply to "state conduct, not that of private citizens." *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citing *Rendell-Baker v. Kohn*, 457

---

[1] Citations to the Complaint refer to ECF page numbers.

U.S. 830, 837–38 (1982)).  Here, Plaintiff's allegations do not plausibly show that Defendants were acting under "color of state law," or that their actions violated a right secured by the U.S. Constitution.  Instead, the Complaint suggests that a private medical facility and its employees asked Plaintiff not to return because they were concerned about his conversation regarding weapon acquisition.  The Complaint thus fails to state a claim upon which relief can be granted; therefore

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to file an amended complaint.  An appropriate order follows.

              /s/ Susan D. Wigenton
       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Jessica S. Allen, U.S.M.J.
         Parties

3