<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD ABDULLAH MUHAMMAD, | Civil Action No. 21-16537 (SDW) (JSA) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| DR. CRAIG GOLDSTEIN, *et al.*, | February 2, 2022 |
| Defendants. | |

   **THIS MATTER** having come before this Court upon *pro se* Plaintiff Donald Abdullah Muhammad's ("Plaintiff") Motion for Reconsideration (D.E. 12) of this Court's September 16, 2021, Whereas Opinion and Order *sua sponte* dismissing his Complaint without prejudice, (D.E. 3, 4), and of this Court's October 22, 2021, Order dismissing this action and closing the case, (D.E. 7); and

   **WHEREAS** a party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle" which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995 at *2 (D.N.J. July 30, 2015) (citations omitted). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's*

*Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process."  *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** Plaintiff's Motion for Reconsideration—dated November 7, 2021, postmarked November 8, 2021, and filed on January 10, 2022—is untimely by any measure.  (*See* D.E. 12 at 3, 5); L. Civ. R. 7.1(i).  Even when considered on the merits, the motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its orders, or an error of fact or law that, if left uncorrected, would result in manifest injustice; therefore,

Plaintiff's Motion for Reconsideration will be **DENIED**.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties

2